**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,** 1101 K Street NW, Suite 201 Washington, D.C. 20005  Plaintiff,  v.  **U.S. DEPARTMENT OF THE TREASURY,** 1500 Pennsylvania Avenue NW Washington, D.C. 20220  Defendant. | Civil Action No. 19-3541 |

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") challenges the failure of the U.S. Internal Revenue Service ("IRS"), a component of the U.S. Department of the Treasury, to disclose records CREW requested under the FOIA regarding IRS guidance about the disclosure of tax returns and return information to congressional committees.

2. This case seeks declaratory relief that the IRS is in violation of the FOIA, 5 U.S.C. § 552(a)(3)(a), by failing to search for and provide plaintiff with all responsive documents by the statutory deadline. This case further seeks injunctive relief that defendant immediately and fully comply with CREW's request under the FOIA.

**Jurisdiction and Venue**

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

4. Plaintiff CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to reducing the influence of money in politics and helping to foster a government that is ethical and accountable. CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. CREW routinely publishes reports, blog posts, and articles to educate the public about issues surrounding government ethics and the influence of money in politics. Many of CREW's educational reports and other output rely on information received from FOIA requests. *See, e.g.*, *What CREW Learned About Former Rep. Alan Mollohan (D.WV)* (featuring nine-page report based on responses to CREW FOIA request to Department of Justice (DOJ) and linking to relevant DOJ documents), *available at* http://bit.ly/2vsZFhL.

6. CREW analyzes the information it receives that is responsive to its requests and shares it with the public through memoranda, reports, blog posts, and/or press releases. In addition, CREW disseminates any documents it acquires from its requests to the public through its website, www.citizensforethics.org.

7. CREW is harmed by the IRS's failure to comply with the FOIA because that failure impairs CREW's ability to provide full, accurate, and current information to the public on a matter of public interest, namely the extent to which Treasury Secretary Steven Mnuchin's refusal to comply with congressional subpoenas conflicts with prior IRS practice and existing guidance. 5 U.S.C. § 552(a)(6)(c).

8. Defendant, the IRS, is a component of the Treasury Department, which is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 701. The IRS has possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

**Statutory Framework**

9. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

10. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

11. Under the FOIA, agencies should produce documents at no charge to the requester or at a reduced charge if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. § 552(a)(4)(A)(iii).

12. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

**Factual Background**

13. On May 10, 2019, House Ways and Means Committee Chair Richard Neal subpoenaed the Internal Revenue Service and Treasury Department, requesting six years of President Trump's tax returns.

14. On May 17, 2019, Treasury Secretary Steven Mnuchin refused to comply with the congressional subpoena.

15. News media have reported that Secretary Mnuchin's decision conflicts with a draft internal memo obtained by journalists, which states that disclosure of tax returns to the Ways and Means Committee is "mandatory," unless the president asserts executive privilege.

16. President Trump has not asserted executive privilege, nor do these documents meet the requirements for an assertion of privilege.

17. To better understand this matter, on May 28, 2019, CREW sent a FOIA request to the IRS by first class mail and by fax. This request sought:

> (1) For the period January 1, 2001 to the present, records sufficient to establish all instances in which a disclosure of tax returns or return information was made to the congressional Committee on Ways and Means, the congressional Committee on Finance, and/or the Joint Committee on Taxation, pursuant to 26 U.S.C. § 6103(f)(1)-(2);
>
> (2) For the period January 1, 2001 to the present, records sufficient to establish all instances in which the IRS declined to comply with a request for tax returns or return information, made pursuant to 26 U.S.C. § 6103(f)(1)-(2), by the congressional Committee on Ways and Means, the congressional Committee on Finance, and/or the Joint Committee on Taxation;
>
> (3) For the period January 1, 2001 to the present, all documents, including electronic mail, evidencing communication between the IRS and the IRS Office of Chief Counsel and/or the IRS and other offices within the Treasury Department with respect to requests for advice regarding the meaning and/or application of 26 U.S.C. § 6103(f)(1)-(2); and

> (4) All Revenue Rulings, Private Letter Rulings, Technical Advice Memoranda, Notices, and/or Announcements regarding or referencing 26 U.S.C. § 6103(f)(1)-(2).

18. By letter dated June 24, 2019, IRS Tax Law Specialist Michael C. Young informed CREW that the IRS had granted its request for a fee waiver and also requested an extension to produce records until September 4, 2019.

19. By letter dated August 29, 2019, Mr. Young requested a second extension, until November 27, 2019.

20. On September 16, 2019, the IRS FOIA representative referenced in the August 29 letter informed CREW that the IRS Chief Counsel's office was working on the request and that CREW would receive an update within the next two weeks.

21. To this date, CREW has not received a subsequent response from the IRS, nor has the IRS made a determination on CREW's request within the meaning of the FOIA.

### Plaintiff's Claim for Relief
### (Wrongful Withholding of Non-Exempt Records Requested by CREW)

22. CREW re-alleges and incorporates by reference all preceding paragraphs.

23. CREW properly asked for records within the custody and control of the IRS.

24. CREW is legally entitled to access the records requested under the FOIA, unless the IRS makes an explicit and justified statutory exemption claim.

25. The IRS has produced no records to CREW in response to its May 28, 2019 request or otherwise made a determination on CREW's request.

26. By failing to release the records as CREW specifically requested, the IRS violated the FOIA.

27. CREW is entitled to injunctive and declaratory relief with respect to the prompt processing and disclosure of the requested records.

## **Requested Relief**

WHEREFORE, CREW respectfully requests that this Court:

(1) Order the IRS to fully and promptly process CREW's May 28, 2019 FOIA request and disclose all non-exempt documents immediately to CREW;

(2) Issue a declaration that CREW is entitled to prompt processing and disclosure of the requested records;

(3) Provide for expeditious proceedings in this action;

(4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

(5) Award CREW its costs and reasonable attorneys' fees in this action; and

(6) Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

   /s/ Laura C. Beckerman
Laura C. Beckerman
(D.C. Bar No. 1008120)
Anne L. Weismann
(D.C. Bar No. 298190)
Citizens for Responsibility and Ethics
  in Washington
1101 K Street, N.W., Suite 201
Washington, D.C. 20005
Phone: (202) 408-5565
Facsimile: (202) 588-5020

Dated:  November 25, 2019                    *Attorneys for Plaintiff*